JOURNAL ENTRY AND OPINION
{¶ 1} This is a consolidated appeal of Case Nos. 86726 and 86727. Defendants-appellants Jack Sammons and Karen Kiley appeal their convictions after a bench trial in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} Sammons and Kiley were charged with theft of property greater than $5,000 but less than $100,000, a felony of the fourth degree; and vandalism, a felony of the fifth degree. The evidence adduced at trial revealed that Sammons and Kiley signed a one-year lease agreement with homeowner Kevin Miciak for the period from March 1, 2004 until February 28, 2005, for a single-family home at 1344 West 80th Street in Cleveland, Ohio. Miciak provided all appliances, including the stove, refrigerator, washer, and dryer. After several months of nonpayment of rent, Miciak asked Sammons and Kiley to move out. They indicated that they would vacate the premises but never did. Miciak again asked them to leave and told Sammons that he would be forced to file a complaint for eviction. Sammons responded with a threat of "Go ahead and file the eviction. We'll see what happens." On October 27, 2004, Miciak filed a complaint for eviction in Cleveland Municipal Court.
 {¶ 3} After driving by on a daily basis, Miciak noticed around November 15, 2004 that Sammons' broken-down truck was finally gone. Miciak then entered the property. He first observed a lot of garbage everywhere in the yard. Miciak went in through the front door, which was locked, and noticed more trash everywhere and a horrendous odor throughout the house. In the kitchen he discovered that the stove, refrigerator, washer, and dryer were missing and the cabinet doors were ripped off their hinges. As Miciak went through the house, he noticed that the furnace, hot water tank, the screen doors and windows, gutters, duct work for the furnace, and copper piping for the plumbing were also missing. In addition, half of the electrical wiring was torn out, and most of the lights in the house did not work. Finally, the upstairs was a mess, with trash and clothes everywhere.
 {¶ 4} Miciak testified that both doors were locked and no windows were broken. Miciak called the police and made a report.
 {¶ 5} Sammons and Kiley were found guilty of both counts by the trial court. They were sentenced to one year of community control sanctions. Sammons and Kiley appeal, advancing two assignments of error for our review.
 {¶ 6} "I. The verdict of guilty was against the manifest weight of the evidence."
 {¶ 7} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a [trier or fact] could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Leonard, 104 Ohio St.3d 54, 68, 2004-Ohio-6235 (internal quotes and citations omitted).
 {¶ 8} Sammons and Kiley contend that there is no evidence that they were the persons who stole all the appliances and destroyed the house, because there were no eyewitnesses. In addition, they argue that there is no evidence to indicate that the house was not in the described condition when they moved in or that Miciak provided the appliances.
 {¶ 9} It is well settled that the state may rely on circumstantial evidence to prove an essential element of an offense, because "circumstantial evidence and direct evidence inherently possess the same probative value[.]" State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph one of the syllabus. "`Circumstantial evidence' is the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind." State v.Duganitz (1991), 76 Ohio App.3d 363, quoting Black's Law Dictionary (5 Ed. 1979) 221. "Since circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt." Jenks, 61 Ohio St.3d at 272. Although inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. State v. Lott (1990), 51 Ohio St.3d 160,168. Therefore, the [trier of fact] may employ a series of facts or circumstances as the basis for its ultimate conclusion. Id. Here, the lease clearly states that the appliances were supplied by Miciak. In addition, Miciak's testimony regarding all of the things that were taken, as well as the condition in which the house was left, was uncontroverted. Hence, Sammons' and Kiley's argument that the house may have been rented to them without any appliances and was rented to them in the condition in which Miciak found it after they left, is meritless.
 {¶ 10} Identification can be proved by circumstantial evidence, just like every other element the state must prove. In this case, there was circumstantial evidence that Sammons and Kiley were the individuals who perpetrated the theft and vandalism. First, there was no forced entry, so the persons who took everything had to have a key. Besides Miciak, Sammons and Kiley were the only persons who had a key. Second, Sammons had previously threatened Miciak, telling him, "Go ahead and file the eviction. We'll see what happens." Third, Miciak drove by the house on a daily basis and entered it the day he knew Sammons and Kiley had finally vacated the premises. It was not days or weeks later when someone else could have gone in and taken everything and destroyed the house. Fourth, Miciak was never allowed access to the inside of the house during the eight months that Sammons and Kiley lived there. Sammons always came to the front porch to speak with him. It can be inferred that Sammons was trying to hide the condition of the house from Miciak. Finally, the extensive damage to the house would have taken time, opportunity, and motive, which only Sammons and Kiley had.
 {¶ 11} After reviewing the entire record, we find that Sammons' and Kiley's convictions are not against the manifest weight of the evidence. Accordingly, their first assignment of error is overruled.
 {¶ 12} "II. By denying the defendants the opportunity to testify, defense counsel violated their due process rights and deprived them of effective assistance of counsel."
 {¶ 13} The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington
(1984), 466 U.S. 668, and adopted in Ohio in State v. Bradley
(1989), 42 Ohio St.3d 136. A claim of ineffective assistance of counsel requires proof that counsel's "performance has fallen below an objective standard of reasonable representation" and, in addition, prejudice arises from that performance. Bradley,42 Ohio St.3d 136, paragraph two of the syllabus; see, also, Statev. Lytle (1976), 48 Ohio St.2d 391. The establishment of prejudice requires proof "that there exists a reasonable probability that were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, supra, paragraph three of the syllabus. The burden is on the defendant to prove ineffectiveness of counsel. State v. Gray, Cuyahoga App. No. 83097, 2004-Ohio-1454, citing State v. Smith (1985),17 Ohio St.3d 98. Trial counsel is strongly presumed to have rendered adequate assistance. Id. Moreover, this court will not second-guess what could be considered to be a matter of trial strategy. Id.
 {¶ 14} Sammons and Kiley claim that their counsels were ineffective because they advised them not to take the stand and Sammons and Kiley wanted to take the stand. The record reflects that Sammons and Kiley did not object when their defense counsels rested without calling them to the stand. We find that the decision of Sammons and Kiley not to take the stand and testify was trial strategy. This does not amount to ineffective assistance of counsel, as such a decision does not fall below an objective standard of reasonable representation, nor does it violate any of counsel's essential duties to Sammons and Kiley. See State v. Smith (Aug. 7, 1995), Stark App. No. 1994CA00327. Since Sammons and Kiley cannot meet the first prong of the test set forth in Strickland and adopted in Bradley, their second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendants' convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentences.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Rocco, J., concur.