JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, James Golden, appeals from his conviction of burglary in the Cuyahoga County Court of Common Pleas. For the reasons stated herein, the judgment of the trial court is affirmed.
 {¶ 2} Golden was indicted on one count of burglary, a felony of the second degree, in violation of R.C. 2911.12. Golden pled not guilty to the charge, and the case proceeded to a bench trial.
 {¶ 3} At trial, the victim testified that on June 2, 2005, at approximately 1:00 a.m., he was in bed with the television on when his kitchen door was kicked in. The victim sat up, looked toward the door, and saw a person standing in the middle of his kitchen. As the victim jumped up, the intruder fled. The victim observed that the whole frame of his door was on the floor. As the victim looked out of the door, he saw the man go down about five steps and around the corner. The victim then looked out of a window and saw the person who he believed was the intruder walking down the sidewalk with another man, who was described as a "tall guy with an all red jogging outfit on."
 {¶ 4} When testifying to the time frame of events, the victim stated, "it couldn't have been a minute." The victim described the man who kicked in his door as wearing a "red football jersey" that had either the number 30 or 80 on it. He knew that the first number was a 3 or an 8 and that the last number was a zero. He further described the jersey as being a "bright red jersey" with "white stripes on the *Page 4 
sleeve." He also stated the intruder had on a "white wave cap" and "dark pants" and was "medium height" and "dark complected."
 {¶ 5} The victim called the police. He continued to watch the men walk down the street and observed that the "tall guy" kept walking straight down the street, but the intruder crossed the street and went to the Sunoco gas station. When the police officer arrived, the victim gave the officer a description of the intruder and pointed "right to where he went," which was the gas station. The officer returned with a man in the back of the patrol car and asked if the man was the intruder. The victim indicated that, "based on the clothes, yes, that's him."
 {¶ 6} Although the victim did not see the intruder's face, he did have the opportunity to observe the intruder go "down the steps and across the street with the same clothing." The victim also indicated that he had a good view of the street and the whole area is "lit up" because of the gas stations and a high school in the vicinity. The victim did not see any other person outside wearing a red jersey.
 {¶ 7} Officer Randy Hicks testified that he was flagged down by the victim, who told the officer that someone had kicked in his door and walked toward the Sunoco station. The officer obtained a description of the suspect and went to the Sunoco station, where he observed a male wearing a red jersey with the number 80 on it getting into the back of a Nissan. The officer did not observe any other person wearing a red jersey. The officer waited for the suspect to get into the Nissan and then pulled the vehicle over across the street from the victim's apartment building. *Page 5 
The officer observed that the suspect was nervous when the officer asked him to exit the vehicle.
 {¶ 8} The officer asked the victim if the suspect was the same person who had broken into his home and whether he was "a hundred percent positive," to which the victim responded "yes" without any hesitation or uncertainty. Officer Hicks positively identified Golden in court as the person who was apprehended and arrested.
 {¶ 9} At the conclusion of the state's case, defense counsel made a Crim.R. 29 motion for acquittal that was denied by the trial court. At the conclusion of trial, the trial court found Golden guilty of burglary as charged and sentenced him to a two-year term of imprisonment.
 {¶ 10} Golden has appealed his conviction, raising one assignment of error for our review that provides the following:
 {¶ 11} "James Golden was denied his state and federal constitutional rights to due process and a fair trial when the trial court entered a judgment of conviction against him for burglary in the absence of sufficient evidence to support the conviction. Fifth, Sixth andFourteenth Amendments to the U.S. Constitution, Sections 5 and 16, Article I of the Ohio Constitution."
 {¶ 12} Golden argues that the evidence produced by the state was insufficient to support the conviction against him. When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the *Page 6 
evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54,67, 2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 13} R.C. 2911.12, the burglary statute, provides in relevant part as follows: "(A) No person, by force, stealth, or deception, shall do any of the following: (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense."
 {¶ 14} Golden claims that the evidence failed to prove that it was he, and not someone else who was similarly dressed, who broke into the victim's home on June 2, 2005. Golden states that the victim was not able to identify the perpetrator's face, that the victim's identification of Golden relied solely on the shirt he was wearing, that there was no testimony offered at trial regarding what else he was wearing, and that Golden's clothes were not offered as evidence. Golden further states that there were no corroborating facts to establish he was the actual perpetrator.
 {¶ 15} Upon our review of the record, we find that sufficient evidence existed to establish the identification of Golden as the perpetrator. It is undisputed that *Page 7 
Golden's identification was not based upon facial features. However, other circumstantial evidence was provided to support the identification of Golden.
 {¶ 16} Courts have repeatedly recognized that identification can be proved by circumstantial evidence, e.g., State v. Kiley, Cuyahoga App. Nos. 86726, 86727, 2006-Ohio-2469; State v. Irby, Mahoning App. No. 03 MA 54, 2004-Ohio-5929; State v. Moore (Apr. 19, 2000), Summit App. No. 19544; State v. Cardwell (Sept. 2, 1999), Cuyahoga App. Nos. 74496, 74497, 74498. As this court stated in State v. Kiley, supra:
 "It is well settled that the state may rely on circumstantial evidence to prove an essential element of an offense, because circumstantial evidence and direct evidence inherently possess the same probative value. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph one of the syllabus. `Circumstantial evidence' is the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind. State v. Duganitz (1991), 76 Ohio App.3d 363, 601 N.E.2d 642, quoting Black's Law Dictionary (5 Ed. 1979) 221. Since circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof *Page 8 
beyond a reasonable doubt. Jenks, 61 Ohio St.3d at 272. Although inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. State v. Loti (1990), 51 Ohio St.3d 160, 168, 555 N.E.2d 293. Therefore, the [trier of fact] may employ a series of facts or circumstances as the basis for its ultimate conclusion. Id. * * * Identification can be proved by circumstantial evidence, just like every other element the state must prove." (Internal quotation marks omitted.)
 {¶ 17} The victim was able to describe the intruder's clothing, as well as other physical characteristics. The evidence at trial established that in the description given to the police shortly after the incident, the victim described the perpetrator as wearing a bright red jersey with the number 30 or 80 on it. The victim also informed the officer that he observed the person he believed was the intruder heading to the Sunoco gas station. The officer found a person at the gas station wearing a red jersey with the number 80 on it. Neither the officer nor the victim observed anyone else in the vicinity wearing a similar red jersey. Upon apprehending Golden, the officer indicated that Golden appeared nervous. At the time of Golden's arrest, the victim identified Golden as the intruder because of the matching clothing and the victim indicated he was "positive." At trial, the officer positively identified the person he arrested as Golden. *Page 9 
 {¶ 18} This evidence, if believed, was sufficient to establish that Golden was the burglar. The accurate description of the intruder's clothing, combined with the fact that the victim observed the intruder leave his home and head to the Sunoco station where the officer found Golden, minutes later, contributed to the circumstances enhancing the reliability of the identification. Viewing the evidence in a light most favorable to the state, we find that sufficient evidence was presented upon which any rational trier of fact could find beyond a reasonable doubt that Golden committed the burglary offense. Accordingly, Golden's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, JUDGE COLLEEN CONWAY COONEY, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1