OPINION
{¶ 1} Defendant-appellant, Lashawn S. Brown, was indicted by the Franklin County Grand Jury for two counts of robbery, in violation of R.C. 2911.02. Count 1 was a second-degree felony and Count 2 was a third-degree felony. The charges arose in connection with a robbery which occurred at a Certified gas station near the intersection of Frank Road and Brown Road on September 26, 2006. Following a jury trial, appellant was found guilty of both counts of robbery. The trial court sentenced appellant to serve *Page 2 
five years of incarceration at the Ohio Department of Rehabilitation and Correction and informed him that he would be subject to a mandatory term of three years of post-release control following his release from prison.
 {¶ 2} Appellant filed a timely notice of appeal and assigns the following two assignments of error:
 FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT VIOLATED LAWSHAWN S. BROWN'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN, IN THE ABSENCE OF SUFFICIENT EVIDENCE, THE TRIAL COURT FOUND HIM GUILTY OF TWO COUNTS OF ROBBERY AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT VIOLATED LASHAWN S. BROWN'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT ENTERED A JUDGMENT OF CONVICTION FOR TWO COUNTS OF ROBBERY WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE FIFTH AND [FOURTEENTH] AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 {¶ 3} In the early morning hours of September 26, 2006, Kristin Nordstrom left work as a server at O'Charley's restaurant and went to the Certified gas station near the intersection of Frank Road and Brown Road. (Tr. 35-36.) After paying for her candy, Nordstrom proceeded to return to her car. As she exited the store, a male black (later identified as appellant) who had been in line behind her patted his pockets acting as if he had forgotten his money. After Nordstrom exited the store, appellant exited, tackled her, forced her to the ground, and hit her in an attempt to steal her purse. During the struggle, *Page 3 
appellant repeatedly hit, punched and kicked Nordstrom. She sustained a bruise as a result of the attack. Appellant ran to a car where a female passenger was waiting. Nordstrom chased appellant and continued to try to get back her purse. However, Nordstrom was unsuccessful and appellant was able to drive away. (Tr. 36-37.)
 {¶ 4} Joanie Eller was working as a cashier at the gas station that night. (Tr. 25-26.) Eller rang up Nordstrom's items and noticed a young male black (appellant) in line behind Nordstrom. As Nordstrom left, appellant patted his jeans like he forgot his money and walked out of the store behind Nordstrom. As Eller began to ring up her other customers, she heard someone yelling for help. Eller looked out and saw someone on top of Nordstrom, hitting her, and trying to grab her purse. Eller exited the store to help. (Tr. 26-28.) Eller described the assailant as a younger male black, wearing a t-shirt and jeans with a white pattern on the legs. At trial, Eller identified a pair of jeans as the ones appellant was wearing that night. (Tr. 29-30.) The state played a surveillance tape from the gas station. Eller was able to identify herself, Nordstrom, Nordstrom's car, and some of her regular customers. The attack of Nordstrom was on the tape and the prosecutor was able to stop the tape on a picture of the male black who had been standing behind Nordstrom as the man who had attacked her. (Tr. 30-33.)
 {¶ 5} Janet Nichols was present at the Certified station that night with her friend Heather. Nichols testified that she saw Nordstrom in line, a male black was behind her, and Heather was behind him. Nichols testified that, as Nordstrom left the store, appellant appeared to reach in his pockets as if he did not have any money and walked out behind Nordstrom. Nichols heard screaming and yelling and, when she looked out, she saw Nordstrom on the ground and appellant trying to get her purse. Nichols exited the store *Page 4 
and was able to read off the license plate number from the car. (Tr. 65-67.) Nichols described the man as a male black of average build wearing dark jeans with a white design on them. (Tr. 67-70.) Nichols was not able to identify appellant in court.
 {¶ 6} Officer Kevin Gentner was first on the scene and interviewed Nordstrom and the other witnesses. Officer Gentner reported the license plate number and ultimately escorted Nordstrom home. (Tr. 77-82.) Officer Richard Kindler was dispatched to the area of Livingston and Bulen Avenues to look for a silver car with a specific license plate number. Officer Kindler observed the vehicle heading eastbound on Livingston. The vehicle pulled into a Shell gas station and Officer Kindler pulled in behind. (Tr. 87-89.) Officer Kindler testified that there was a female passenger in the car with appellant. Nordstrom was brought to the gas station and she identified appellant as the man who had robbed her. According to Officer Kindler, Nordstrom was approximately 20 feet away from appellant in a well lit area and the police had a spotlight on appellant. Nordstrom searched the vehicle and found her mascara and a pill bottle with her name on it. (Tr. 90-93.) According to Officer Kindler, appellant was wearing dark jeans with a unique design in writing up and down the legs. (Tr. 94-95.) Nordstrom testified further that the police originally took her to an apartment building to identify a suspect. Nordstrom indicated that the area was not well lit and that she was some distance from him and indicated that she told the police that it did look like the man who had attacked her. (Tr. 37-38.) Thereafter, Nordstrom testified that she was taken to a gas station off Livingston Avenue where she positively identified appellant as the man who had robbed her. At the time, it was approximately one and one-half hours after the robbery. Nordstrom recognized both the car and appellant. (Tr. 38-41.) Nordstrom testified further that she had a better *Page 5 
opportunity to view the second man than she did the first man, that both men were black, of similar height, wearing jeans and a white t-shirt. However, with regards to the first man, Nordstrom testified that she was not able to see his jeans. (Tr. 41-44.) Nordstrom identified the jeans in court. When asked if appellant was the man who attacked her, Nordstrom stated that she could not be sure, that the man looked similar but that his hair was longer. (Tr. 45-46.) Nordstrom identified a photo array wherein she picked out appellant as her assailant. (Tr. 46-47.)
 {¶ 7} In his assignments of error, appellant contends that his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. Appellant was found guilty of two counts of robbery. R.C. 2911.02(A)(2) provides:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 * * *
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another[.]
A violation of division (A)(2) is a felony of the second degree.
 {¶ 8} R.C. 2911.02(A)(3) provides as follows:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 * * *
 (3) Use or threaten the immediate use of force against another.
A violation of division (A)(3) is a felony of the third degree. *Page 6 
 {¶ 9} The theft offense underlying the robbery charge is defined in R.C. 2913.02(A) as follows: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services."
 {¶ 10} When presented with a sufficiency of the evidence argument, this court construes the evidence in favor of the prosecution and determines whether such evidence permits any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259. According to the state's evidence, appellant took Nordstrom's purse with the purpose of depriving her of that property and appellant inflicted or attempted to inflict physical harm on Nordstrom. Nordstrom testified that she identified appellant as her attacker and certain items from her purse were found in the car being driven by appellant. Further, Eller was able to get the license plate number of the car appellant was driving and Nichols' testimony corroborated the other evidence indicating that appellant left the store, followed Nordstrom, attacked her, stole her purse, and drove away. The above evidence is sufficient to permit the finding that appellant committed robbery as defined in R.C. 2911.02(A)(2). Further, the state presented evidence that appellant struck Nordstrom several times. This would satisfy the element of force and, as such, the state presented sufficient evidence that appellant was guilty of robbery as defined in R.C. 2911.02(A)(3).
 {¶ 11} Construed in the state's favor, the above evidence was sufficient to allow the finding beyond a reasonable doubt that appellant had violated R.C. 2911.02(A)(2) and (3). As such, appellant's first assignment of error is overruled.
 {¶ 12} Appellant also asserts that the verdict is against the manifest weight of the evidence. As the basis for this assignment of error, appellant argues that the state failed *Page 7 
to present sufficient, credible evidence that he was actually the perpetrator of the robbery against Nordstrom. Appellant argues that the evidence presented by the state regarding the identity of the appellant as the man who committed the robbery is uncertain and conflicting.
 {¶ 13} When presented with the manifest weight argument, this court engages in a limited weighing of the evidence to determine whether the verdict is supported by sufficient, competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt.State v. Thompkins (1997), 78 Ohio St.3d 380. Determinations as to credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 14} In Thompkins, the Supreme Court of Ohio stated as follows:
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. * * * ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").
Id. at 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 15} Appellant argues that none of the witnesses were able to identify him in court as the man who attacked Nordstrom and that Nordstrom first identified a different individual as the man who had attacked her. *Page 8 
 {¶ 16} The Eighth District Court of Appeals recently releasedState v. Golden, Cuyahoga App. No. 88651, 2007-Ohio-3536. InGolden, the victim awoke when his kitchen door was kicked in. The victim saw a person standing in his kitchen. The person fled and, as the victim looked out his door, he saw the man go down the steps and around the corner. Upon looking out his window, the victim saw the person he believed to have been the intruder walking down the sidewalk with another man.
 {¶ 17} When testifying, the victim indicated that the event lasted no more than a minute and the man who kicked in his door was wearing a red football jersey with either the number 30 or 80 on it. The victim testified further that the intruder was wearing a white wave cap and dark pants and that he was medium height and dark complected.
 {¶ 18} The police apprehended a man and asked the victim if that man was the intruder. The victim indicated that, based upon the clothes, that person was the intruder.
 {¶ 19} Defense counsel challenged the identification of the defendant as the intruder. In finding the evidence to establish the identification of defendant as the perpetrator, the court found that there was sufficient circumstantial evidence provided to support the identification. The Golden court stated, at ¶ 16:
 Courts have repeatedly recognized that identification can be proved by circumstantial evidence, e.g., State v. Kiley, Cuyahoga App. Nos. 86726, 86727, 2006-Ohio-2469; State v. Irby, Mahoning App. No. 03 MA 54, 2004-Ohio-5929; State v. Moore (Apr. 19, 2000), Summit App. No. 19544; State v. Cardwell (Sept. 2, 1999), Cuyahoga App. Nos. 74496, 74497, 74498. As this court stated in State v. Kiley, supra:
 "It is well settled that the state may rely on circumstantial evidence to prove an essential element of an offense, because circumstantial evidence and direct evidence inherently possess the same probative value. State v. Jenks (1991), 61 Ohio St.3d 259 * * *, paragraph one of the syllabus. *Page 9 
`Circumstantial evidence' is the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind. State v. Duganitz (1991), 76 Ohio App.3d 363 * * * quoting Black's Law Dictionary (5 Ed.1979) 221. Since circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt. Jenks, 61 Ohio St.3d at 272. Although inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. State v. Lott (1990), 51 Ohio St.3d 160, 168[.] * * * Therefore, the [trier of fact] may employ a series of facts or circumstances as the basis for its ultimate conclusion. Id. * * *
Identification can be proved by circumstantial evidence, just like every other element the state must prove." (Internal quotation marks omitted.)
 {¶ 20} In the present case, Nordstrom identified appellant as her attacker. Nordstrom testified that the car appellant was driving was the same color and that appellant was wearing the same distinctive jeans which were black with white patterns on the legs. Further, items from Nordstrom's purse were located inside the car. Eller also testified that the assailant was a younger male black, wearing a t-shirt and jeans that had a white pattern on the legs. At trial, Eller identified the jeans. Nichols also testified that the assailant was wearing dark jeans with a design on them. Further, Nichols was able to get the license plate of the car and, at the time he was apprehended, appellant was driving that car and there was a female passenger in the car as well.
 {¶ 21} Much of the aforementioned evidence is circumstantial. The state argues that the fact that Nordstrom first identified a different man as her assailant goes to the weight and credibility of the evidence and does not completely destroy her identification testimony. In that regard, Nordstrom testified that when police took her to the apartment *Page 10 
complex to identify a possible suspect, she was further away from the person and the lighting was not as good. Later, when she identified appellant, she testified that she was closer to him, the lighting was better, and she was able to see the pattern on his jeans. Further, Nordstrom was able to pick out appellant's photograph from a photo array shown to her by police.
 {¶ 22} In the present case, this court cannot say that the jury clearly lost is way and created such a miscarriage of justice that appellant's convictions must be reversed and a new trial ordered. This court finds that appellant's conviction is not against the manifest weight of the evidence and appellant's second assignment of error is overruled.
 {¶ 23} Based on the foregoing, appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and TYACK, JJ., concur.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1