OPINION
{¶ 1} Defendant-appellant, Anthony L. Jones ("appellant"), appeals the judgments of the Franklin County Court of Common Pleas, which convicted appellant of cocaine possession with a firearm specification, burglary with a firearm specification, and having a firearm while under disability. *Page 2 
 {¶ 2} On December 2, 2006, Columbus police officers received calls between 6:30 and 9:00 p.m., with reports that gunshots were heard on the east side of Columbus. The suspect was described as an African American male wearing all black. As two police officers proceeded to drive around the neighborhood and survey the area, a citizen directed them east on Astor Avenue and claimed that the suspect ran in that direction. The officers then noticed a home with a broken front window.
 {¶ 3} The homeowner, Joseph Cook, had been sleeping in his bedroom, located at the back of the house, when he heard what sounded like a dish breaking. He then got out of bed, went into his living room, and saw glass on the floor under the big bay window. The curtains were closed over the window, so all he could see through them was the shape of someone attempting to break his window. To get a better look at the person doing this, he opened his front door and saw the man breaking his window. Cook then shut and locked the door and retreated further into the house.
 {¶ 4} The intruder, whom Cook later identified as appellant, eventually entered the home through the broken window and was carrying what Cook believed was a gun. When Cook reached for the phone to call for help, appellant indicated that Cook should not use the telephone, and a struggle ensued. After the struggle, Cook ran into the bathroom and shut the door. The police arrived approximately 30 seconds later and ordered everyone out of the house.
 {¶ 5} Appellant, who was not wearing a coat or jacket, exited the home headfirst through the broken window in the living room. The first officer to reach him testified that he was covered in blood and was "[r]anting and raving about wanting to die." (Tr. 91.) *Page 3 
A leather jacket lay within reach of where appellant landed between the broken window and the door.
 {¶ 6} Officers then entered the home. The living room was in disarray; in addition to the broken window, there was also blood on the door and broken lamps. During their search, the officers found a gun behind an entertainment center where it looked like it had been thrown. Cook did not own a gun; appellant also claims the gun did not belong to him. The gun was taken to the police station along with the other evidence and was later determined to be a semi-automatic pistol with a seven-round magazine. After finding the gun, several officers went outside to search the area for casings or any evidence that a gun had been fired in the area.
 {¶ 7} Detective John Arledge attempted to identify appellant. Arledge testified that Cook and another officer told him that the jacket belonged to appellant. The detective looked for identification in the jacket and found a plastic bag filled with a "white, powdery substance and straw attached to it." (Tr. 78.) This substance was later determined to be one ounce of cocaine.
 {¶ 8} On December 12, 2006, appellant was indicted in case No. 06CR12-9191 on one count of aggravated burglary with a firearm specification, in violation of R.C. 2911.11, and one count of having a weapon under disability, in violation of R.C. 2923.13. On December 27, 2006, appellant was indicted in case No. 06CR12-9743 on one count of possession of cocaine with a firearm specification, a fifth-degree felony in violation of R.C. 2925.11. The two cases were consolidated for trial.
 {¶ 9} On September 13, 2007, appellant was found guilty of burglary, a felony of the fourth degree, and possession of cocaine, both with firearm specifications. *Page 4 
Appellant was also found guilty of having a weapon while under disability. The trial court sentenced appellant accordingly.
 {¶ 10} Appellant appeals, raising three assignments of error:
 I. The Evidence Produced at Trial was Insufficient to Support a Finding of Guilt.
 II. The Verdict was against the Manifest Weight of the Evidence.
 III. The Trial Court Erred to the Prejudice of the Appellant In Permitting Hearsay Evidence.
 {¶ 11} Appellant's first assignment of error claims that his convictions are based on insufficient evidence. Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict. State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, superceded by constitutional amendment on other grounds as stated in State v.Smith, 80 Ohio St.3d 89, 1997-Ohio-355. We examine the evidence in the light most favorable to the state and conclude whether any rational trier of fact could have found that the state proved beyond a reasonable doubt the essential elements of the crime. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in Smith, and followingJackson v. Virginia (1979), 443 U.S. 307; State v. Yarbrough,95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 78. We will not disturb the verdict unless we determine that reasonable minds could not arrive at the conclusion reached by the trier of fact. Jenks at 273. In determining whether a conviction is based on sufficient evidence, we do not assess whether the evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. See Jenks, paragraph two of the syllabus; Yarbrough at ¶ 79 (noting that *Page 5 
courts do not evaluate witness credibility when reviewing a sufficiency of the evidence claim); State v. Lockhart (Aug. 7, 2001), Franklin App. No. 00AP-1138.
 {¶ 12} Appellant argues that the evidence was insufficient to support a finding of guilt because there is no direct evidence that the gun found in Cook's home, the jacket found outside, nor the cocaine found inside that jacket, belonged to appellant. The state "`may rely on circumstantial evidence to prove an essential element of an offense.'"State v. Brown, Franklin App. No. 07AP-244, 2007-Ohio-6542, ¶ 19, quoting State v. Golden, Cuyahoga App. No. 88651, 2007-Ohio-3536, ¶ 16. Appellant was charged with possession of cocaine in violation of R.C. 2925.11, which states, "no person shall knowingly obtain,possess, or use a controlled substance." (Emphasis added.) Therefore, whether appellant had the cocaine within his possession may be proven through the use of the circumstantial evidence, which is "`the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind.'" Brown at ¶ 19, quotingGolden at ¶ 16.
 {¶ 13} Possession means "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01 (K). While merely being in the presence of the illegal drugs is insufficient to establish the element of possession, the ability to exercise dominion or control over the illegal drugs is sufficient. State v. Hughes, Franklin App. No. 02AP-1208, 2003-Ohio-2317, ¶ 24. Possession may be actual or constructive. Actual possession means appellant had the items within his immediate physical control. Id. at ¶ 22. Constructive *Page 6 
possession means "`an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession.'" Id., quoting State v. Burnett, Franklin App. No. 02AP-863, 2003-Ohio-1787, ¶ 19. Also, "`[circumstantial evidence alone may be sufficient to support the element of constructive possession.'" Hughes at ¶ 24, quoting Burnett at ¶ 20, citing State v.Chandler (Aug. 9, 1994), Franklin App. No. 94APA02-172, and In reFarr (Nov. 9, 1993), Franklin App. No. 93AP-201.
 {¶ 14} On the night in question, cocaine was found in a leather jacket that was lying on the ground between the front door and the broken window through which appellant exited the home. While there is no direct evidence showing appellant wearing the leather jacket before entering the home, there is circumstantial evidence that the jacket and its contents belonged to appellant. The jacket and cocaine were found within reach of where appellant landed after jumping out of the window headfirst not wearing a jacket, and the jacket did not belong to Cook. The jury may also infer that appellant was, at one point, wearing a jacket because the home invasion occurred after sunset in December. Looking at these facts, the logical conclusion for a reasonable jury is that the jacket found outside the house, and not belonging to the homeowner, did in fact belong to appellant. Similarly, while no one actually saw appellant with the cocaine at the scene, "[t]he discovery of readily accessible drugs in close proximity to a person constitutes circumstantial evidence that the person was in constructive possession of the drugs." State v. Wyche, Franklin App. No. 05AP-649,2006-Ohio-1531, ¶ 18, citing Burnett. Relying on the evidence in the record, without questioning its veracity, it was *Page 7 
reasonable for a jury to believe that the jacket and its contents were within appellant's possession.
 {¶ 15} Circumstantial evidence also may prove possession of a gun. SeeBrown at ¶ 19. The officers were responding to a call about a shooting in the area of Cook's home, and the suspect was described as a black man wearing all black and carrying a gun. Appellant fit the description of the man the police were searching for that night. Officers later found the gun inside the home behind the entertainment system, it did not belong to Cook, and Cook testified that he saw an object, which he believed to be a gun, in appellant's hand. Cook also testified that there was a brief scuffle after appellant entered the house, at which time it is possible that the gun was tossed behind the entertainment system where the officer later recovered it. This evidence, if believed, was sufficient for the jury to find that appellant possessed the gun.
 {¶ 16} Appellant claims his possession of the gun was not established because of the lack of proof that his fingerprints were on the gun. This court has previously stated that "the lack of physical evidence such as fingerprints linking defendant to the gun [does] not preclude the jury from concluding that defendant had handled the gun. R.C. 2923.12 does not require that a defendant's fingerprints be lifted from the weapon."State v. Jackson (Feb. 22, 2000), Franklin App. No. 99AP-138, citingState v. Townsend (1991), 77 Ohio App.3d 651, 653. The evidence presented by the state is sufficient to allow reasonable minds to conclude that appellant was in possession of both the cocaine and the gun on the night of the incident. Therefore, we overrule appellant's first assignment of error. *Page 8 
 {¶ 17} In his second assignment of error, appellant contends that his convictions are against the manifest weight of the evidence. In determining whether a verdict is against the manifest of the evidence, we sit as a "`thirteenth juror.'" State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52. Thus, we review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id. Additionally, we determine "whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175. We reverse a conviction on manifest weight grounds for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins at 387, quoting Martin at 175. Moreover, "`it is inappropriate for a reviewing court to interfere with factual findings of the trier of fact * * * unless the reviewing court finds that a reasonable juror could not find the testimony of the witness to be credible.'" State v. Brown, Franklin App. No. 02AP-11, 2002-Ohio-5345, at ¶ 10, quoting State v. Long (Feb. 6, 1997), Franklin App. No. 96APA04-511.
 {¶ 18} Here, the weight of the evidence supports the conviction. Cook testified that an intruder, whom Cook identified as appellant, entered his home through a broken front window, struggled with Cook, and then exited headfirst through the same window. A police officer testified that he found appellant, covered in blood, just outside the window, thus corroborating Cook's testimony.
 {¶ 19} While police officers did not find the gun in appellant's possession, they did find the gun inside Cook's home, Cook testified that he did not own a gun, and Cook *Page 9 
testified that he saw a gun in appellant's possession while appellant was inside the home. The officers were also responding to reports of gunshots being fired and information that a man fitting appellant's description and carrying a gun was in the area.
 {¶ 20} Finally, appellant did not identify the leather jacket or the cocaine as his. However, the jacket was found just outside the window through which appellant entered and exited the home, appellant was not wearing a jacket, and the jacket did not belong to Cook.
 {¶ 21} Given the weight of the evidence, the credibility of the witnesses, and the corroboration among the witnesses, we cannot conclude that the jury lost its way or created a manifest miscarriage of justice when it convicted appellant. Therefore, we overrule appellant's second assignment of error.
 {¶ 22} Appellant's third assignment of error asserts that the testimony regarding the ownership of the leather jacket constituted hearsay. There are two requirements for a statement to be considered inadmissible hearsay evidence under Evid. R. 801(C). "First, there must be an out-of-court statement. Second, the statement must be offered to prove the truth of the matter asserted." State v. Maurer (1984),15 Ohio St.3d 239, 262. However, testimony that "explains the actions of a witness to whom a statement was directed, such as to explain the witness' activities, is not hearsay." Id., citing State v. Thomas
(1980), 61 Ohio St.2d 223, 232.
 {¶ 23} During the trial, over appellant's objection, Detective Arledge testified that he searched the leather jacket containing the cocaine because Cook and another officer stated that the coat belonged to appellant. The transcript reflects the following:
 Q Why did you search through this coat? *Page 10 
 A I was looking for identification.
 Q Were you looking for anything else?
 A Just to find out who the coat actually belonged to.
 Q Was there a reason that this coat was — was there a reason you were asked to search this particular coat?
 A Well, the victim and officer stated —
 MR. WILLIAMS: Objection.
 THE COURT: I'll allow it only for the purposes as to why he searched that particular coat, for no other reason. It's not to be considered by the jury for any other purpose other than to explain why the officer searched that coat.
 Q Why did you search this particular coat?
 A The victim and the officer stated that was the coat that the suspect had on.
(Tr. 77-78.)
 {¶ 24} This court has previously held that, when a statement is offered to explain a police officer's conduct while investigating a crime, it is not hearsay. State v. Blevins (1987), 36 Ohio App.3d 147,149, citing Thomas at 232. In this instance, the statements were not being offered to prove that appellant actually owned the leather jacket, but only to answer the question of why the detective was checking the jacket.
 {¶ 25} This court has also recognized that "[t]he conduct to be explained should be relevant, equivocal and contemporaneous with the statements." Blevins at 149, citing 6 Wigmore, Evidence (Chadbourn Rev.Ed.1976) 267, 268, Section 1772. Here, the detective was specifically asked why he was searching through a particular coat in an effort to determine appellant's identity. The search took place immediately after the *Page 11 
detective was informed of its alleged owner. Therefore, the statement meets the first requirement of our test.
 {¶ 26} The statement must also meet the standard set out by Evid. R. 403(A), which states: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Here, the court immediately instructed the jury that the testimony was only being allowed for the purpose of explaining why the detective searched the jacket; it was not being offered to show ownership of the jacket or the contents within. Unless it is shown otherwise, the jury is presumed to have followed the court's instruction. State v. Bedell, Franklin App. No. 05AP-496, 2006-Ohio-5746, ¶ 55, citing State v. Mason,82 Ohio St.3d 144, 157, 1998-Ohio-370. Having no evidence before us that the jury failed to follow the instruction, we conclude that the statement does not violate Evid. R. 403(A). And, for all these reasons, we overrule appellant's third assignment of error.
 {¶ 27} In summary, we overrule appellant's first, second, and third assignments of error. Therefore, we affirm the judgments of the Franklin County Court of Common Pleas.
Judgments affirmed.
 BROWN and TYACK, JJ., concur. *Page 1