[Cite as *State v. Hood*, 2015-Ohio-5373.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-656 |
| v. | : | (C.P.C. No. 14CR-5521) |
| Daniel E. Hood, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 22, 2015

*Ron O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher,* for appellee.

*Brian J. Rigg,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Daniel E. Hood ("Hood"), appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. Because his convictions are supported by sufficient evidence and are not against the manifest weight of the evidence, we affirm that judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On October 16, 2014, the Franklin County Grand Jury indicted Hood on one count of felonious assault with firearm specification, in violation of R.C. 2903.11, a felony of the second degree, and one count of having a weapon while under disability, in violation of R.C. 2923.13, a felony of the third degree.

{¶ 3} On March 4, 2014, around 4:00 am, Theadore Craft ("Craft") and a friend went to a Marathon gas station located at the corner of South Central and Sullivant Avenue in Columbus, Ohio. (R. 103.) Upon exiting the store, a man walked up to Craft

with a plastic bag over his hand with a gun inside. (R. 103.) The man fired multiple times and Craft was struck once in the stomach. (R. 103.) The gunshot missed any vital organs and Craft survived. (R. 103.)

{¶ 4} When the police arrived on the scene, Craft told the officers that he had been shot by Danny Hood. (R. 103.) Later, at the hospital, Craft identified Hood as the assailant out of a photo array. (R. 103.) Prior to the shooting, Craft had ingested crack cocaine and also possessed four or five hundred dollars in cash. (R. 103.) A surveillance video from the gas station was recovered, however, the identities of the individuals in the video are unclear. (R. 103.) However, Craft testified that the two individuals in the video were himself and Hood. (R. 103.) There was no gun visible in the video but a fragment of a bullet was found at the scene. (R. 103.)

{¶ 5} Craft testified that he and Hood had known one another for ten years. (R. 103.) A month or two prior to the shooting, he and Hood had a conflict regarding Craft being put out of a drug house. (R. 103.) They saw each other two weeks prior to the shooting but nothing occurred. (R. 103.) At the time of the trial, Craft was incarcerated in Franklin County and had a $200,000 bond. (R. 103.) There was no testimony offered that the Craft was promised any benefit for testifying. (R. 103.)

{¶ 6} On June 2, 2015, the case was tried to a jury which returned a verdict finding Hood guilty of felonious assault with a firearm specification, and guilty of having a weapon while under disability. On June 9, 2015, the trial court imposed sentences of five years as to the felonious assault and three years as to the weapon while under disability charge, to be served concurrently, and an additional consecutive three years as to the firearm specification. (R. 90.)

## II. ASSIGNMENT OF ERROR

{¶ 7} Hood appeals, assigning a single error:

> THE TRIAL COURT'S GUILTY VERDICTS TO THE FELONIOUS ASSAULT AND HAVING A WEAPON UNDER DISABILITY CHARGES WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE SINCE THERE WAS INSUFFICIENT EVIDENCE PROVING THESE CHARGES.

## III. CONVICTIONS ARE NOT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE

{¶ 8}    This court in *State v. Baatin*, 10th Dist. No. 11AP-286, 2011-Ohio-6294, ¶ 8-11, stated the applicable law:

> Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *State v. McCrary,* 10th Dist. No. 10AP-881, 2011-Ohio-3161, ¶ 11 * * * Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. *Id.* * * *.
>
> The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52 * * *.
>
> When presented with a challenge to the manifest weight of the evidence, an appellate court may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* at 387. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*; *State v. Strider-Williams*, 10th Dist. No. 10AP-334, 2010-Ohio-6179, ¶ 12.
>
> In addressing a manifest weight of the evidence argument, we are able to consider the credibility of the witnesses. *State v. Cattledge,* 10th Dist. No. 10AP-105, 2010-Ohio-4953, ¶ 6. However, in conducting our review, we are guided by the presumption that the jury * * * " 'is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Id.* * * * Accordingly, we afford great deference to the jury's determination of witness credibility. * * *

(Citations omitted.)

{¶ 9}   Hood argues that his convictions are against the manifest weight of the evidence due to lack of physical evidence, and because "the State did not provide sufficient evidence showing that [Hood] carried or used a firearm or committed felonious assault. The prosecution's evidence consisted of [Craft's] testimony and a surveillance video" where there was "no gun visible" and the "individuals in the video were unrecognizable." (Appellant's Brief, 7.)

{¶ 10} In addition, Hood challenges Craft's credibility and argues that the "prosecution relied solely on [Craft's] testimony" and the two had "argued two months prior to this incident" and Craft had "more of a motive to retaliate against [Hood]" and was "under the influence of crack cocaine at the time of the shooting."  (Appellant's Brief, 7-8.)

{¶ 11} Firstly, "[a] conviction is not against the manifest weight of the evidence because the jury chose to believe the state's version of events over the defendant's version."  *State v. Hawk*, 10th Dist. No. 12AP-895, 2013-Ohio-5794, ¶ 59.  A lack of physical evidence does not warrant interfering with the jury's decision or preclude a conviction.  *See State v. Hunter*, 10th Dist. No. 10AP-599, 2011-Ohio-1337, ¶ 24; *State v. Jones*, 10th Dist. No. 07AP-977, 2008-Ohio-3765, ¶ 16.  In addition, the testimony of one witness, if believed by the jury, is enough to support a conviction.  *State v. Strong*, 10th Dist. No. 09AP-874, 2011-Ohio-1024, ¶ 42.

{¶ 12} In weighing the evidence, the record reveals that Craft was consistent in his identification of Hood, whom he had known for ten years, as his assailant.  Immediately upon the arrival of the police, while lying on the ground bleeding and in pain, Craft identified Hood as the shooter.  Craft also identified Hood as the shooter while in the hospital from a photo array. The surveillance video corroborated Craft's testimony regarding the sequence of events, and that the shooter held the gun inside a white bag. In addition, the testimony of the state's other witnesses, Officer Dustin McKee and Detective Randy Vanvorhis, were consistent with Craft's testimony.

{¶ 13} Despite the attacks on Craft's credibility, the jury believed his identification of Hood as the assailant.  The challenges to Craft's credibility based on his prior conflict with Hood, criminal convictions, and drug abuse of that night, were matters that were

presented to, and considered by, the jury. The jury was in the best position to evaluate the witnesses credibility, and there is no persuasive reason for rejecting that determination.

{¶ 14} After a thorough review, we find that the jury did not lose its way, nor create a manifest miscarriage of justice. Accordingly, Hood's convictions are not against the manifest weight of the evidence. This conclusion is also dispositive of Hood's claim that his convictions are not supported by sufficient evidence. *State v. McCrary,* 10th Dist. No. 10AP-881, 2011-Ohio-3161, ¶ 17. Therefore, we overrule Hood's assignment of error.

## IV. DISPOSITION

{¶ 15} Having overruled Hood's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J. and SADLER, J., concur.

————————————————