[Cite as *State v. Harris*, 2021-Ohio-2639.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 9-21-01

    v.

PETER LLOYD HARRIS,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 20-CR288

Judgment Affirmed

Date of Decision:  August 2, 2021

APPEARANCES:

    *W. Joseph Edwards* **for Appellant**

    *Nathan R. Heiser* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Peter Harris ("Harris") brings this appeal from the judgment of the Court of Common Pleas of Marion County finding him guilty of one count of possession of fentanyl and sentencing him to prison. Harris claims on appeal that the conviction is not supported by sufficient evidence. For the reasons set forth below, the judgment is affirmed.

{¶2} On July 13, 2020, Officer Dylan Reece ("Reece") of the Marion Police Department attempted to stop a four-door red vehicle at the request of the drug task force. Tr. 5-8. Once Reece's emergency lights were activated, the vehicle sped away and was pursued by Reece. Tr. 7-8. Eventually, a person fled the vehicle wearing dark pants and a white shirt. Tr. 8-9. Reece gave chase, but the person managed to evade Reece. Tr. 8-10. Deputy Keith Griffin ("Griffin") also heard the description of the man and observed one fitting the description in the area. Tr. 71-74. Griffin apprehended him and noted that he appeared "exhausted." Tr. 71-74. Griffin noted that the person, later identified as Harris, was the only one in the area matching the description given. Tr. 71-74. Reece identified Harris as the person he had been chasing. Tr. 38.

{¶3} Major Christy Utley ("Utley") was in the area and heard the description of the person. Tr. 46-58. Soon after, Utley observed a person matching the

description come round a corner and discard an object. Tr. 46-58. Utley then exited her vehicle in order to monitor the item that had been discarded. Tr. 62-63.

{¶4} On July 22, 2020, the Marion County Grand Jury indicted Harris on one count of Possession of Fentanyl in violation of R.C. 2925.11(C)(11), (F), a felony of the first degree. Doc. 1. A bench trial was held on November 24, 2020. Doc. 48. Following the trial, the trial court found Harris guilty of the offense charged. *Id*. On December 10, a sentencing hearing was held. *Id*. The trial court sentenced Harris to a prison term of 11 to 16 ½ years. *Id*. Harris filed a timely notice of appeal. Doc. 54. On appeal, Harris raises the following assignment of error.

> **The evidence in this case was insufficient as a matter of law to support the conviction of [Harris] and as such [Harris'] rights under the fifth Amendment of the United States Constitution and Article 1, Section 16 of the Ohio Constitution were violated.**

{¶5} Harris' sole assignment of error alleges that the evidence was insufficient to support the conviction. The question of whether the evidence presented at trial is legally sufficient to support a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. Sufficiency is basically a term of adequacy. *Id*.

> **An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. * * * Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could**

**have found the essential elements of the crime proven beyond a reasonable doubt."** \* \* \* **"In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact."**

*State v. Adkins*, 3d Dist. Allen No. 1-19-71, 2020-Ohio-6799, ¶ 37 (citations omitted).

{**¶6**} Harris argues that the evidence of identity was insufficient because Reece could not make a facial recognition of Harris as the person he was chasing and that Utley could not make a facial recognition of Harris as the person who tossed the drugs. Although Reece did not see the suspect's face, he was able to describe the person as an African-American male wearing dark "running or sweat style pants" and a white t-shirt. Tr. 9, 30. When Harris, an African-American male, was apprehended in the area, he was wearing the same clothes as the suspect, was the same height, weight, and build as the suspect, and was "drenched in sweat and out of breath". Tr. 39-40.

{**¶7**} Utley testified that she saw an African-American male run out of an alley near where Reece was chasing the suspect. Tr. 46. The man she observed was wearing dark colored pants and a white t-shirt. Tr. 58.

{**¶8**} Griffin testified that he heard from dispatch that the suspect was fleeing in his direction and a description of him. Tr. 73. Griffin then saw Harris, who matched the description of the suspect, running in his direction appearing exhausted.

Tr. 73-74. Griffin also noted that he saw no one else in the area matching the description of the suspect. Tr. 74-75.

{¶9} Although there was no testimony regarding the facial features of the suspect, officers testified as to the clothing of the suspect. Officers also testified to the location where the suspect was and at what times. The defendant was found in that vicinity, tired and breathing hard from running, and wearing clothing similar to that identified by the prior officers. No other person matching the suspects description was seen in the area. Importantly, circumstantial evidence can be used to prove the identity of an offender. *State v. Irby*, 7th Dist. Mahoning No. 03 MA 54, 2004-Ohio-5929. Viewing all of this evidence in a light most favorable to the State, a rational trier of fact could reach the conclusion that Harris was the suspect observed running away from Reece and observed tossing the drugs by Utley. *See State v. Golden*, 8th Dist. Cuyahoga No. 88651, 2007-Ohio-3536 (holding that the evidence was sufficient to identify the defendant when the victim testified to the shirt worn by the offender and there was other circumstantial evidence to support the identification). Since a reasonable trier of fact could determine that Harris was the offender in question, the evidence is sufficient to support the identification and the assignment of error is overruled.

**{¶10}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Marion County is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**