The STATE of Ohio, Appellee,

v.

BANKS, Appellant.

[Cite as *State v. Banks,* 182 Ohio App.3d 276, 2009-Ohio-1892.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–495

Decided April 23, 2009.

Ron O'Brien, Franklin County Prosecuting Attorney, and Barbara Farnbacher, Assistant Prosecuting Attorney, for appellee.

Davis Law Offices Co., L.P.A., and Jeffrey R. Davis, for appellant.

---

BROWN, Judge.

{¶ 1} Kendall J.L. Banks, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court found him guilty, pursuant to a jury verdict, of possession of cocaine or crack cocaine in violation of R.C. 2925.11, which is a felony of the fifth degree.

{¶ 2} On the evening of January 9, 2007, two city of Columbus police officers, Christopher Cline and Ryan Steele, observed appellant commit a traffic violation and stopped appellant's vehicle, which was not registered in appellant's name. The officers determined that appellant had an outstanding warrant for his arrest and placed him under arrest. Officer Cline removed appellant from his vehicle and placed him in the back of the police cruiser. Upon removing appellant from the vehicle, Officer Cline noticed a small plastic bag tucked in the crease of the driver's seat, which appeared to contain a white, powdery substance. Officer Steele removed the bag during an inventory search of the vehicle. A field test of the substance in the bag indicated it contained cocaine. A subsequent laboratory test indicated that the substance was positive for cocaine and weighed 0.5 grams. A separate test for crack cocaine was not performed.

{¶ 3} On May 29, 2007, appellant was indicted on one count of possession of crack cocaine, a violation of R.C. 2925.11, a felony of the fifth degree. On April 16, 2008, a jury found appellant guilty of possession of cocaine or crack cocaine. On May 30, 2008, the trial court sentenced appellant to three years of community

control. Appellant appeals the judgment of the trial court, asserting the following assignments of error:

[I] the trial court erred in denying appellant's motion for acquittal pursuant to Criminal Rule 29 and entering judgment against appellant as the evidence presented was insufficient to sustain a conviction.

A. The evidence presented was insufficient to prove the appellant was in knowing possession.

B. The evidence presented was insufficient to prove the substance at issue was crack cocaine.

[II] The trial court abused its discretion by improperly·amending the indictment to the detriment and prejudice of the appellant and in violation of appellant's right to due process.

[III] Appellant received ineffective assistance of counsel in that trial counsel failed to move for discharge of the jury and continuance of the case pursuant to Criminal Rule 7(D).

[IV] The verdict entered was against the manifest weight of the evidence.

{¶ 4} By the first assignment of error, appellant contends that the jury's verdict was based upon insufficient evidence. Appellant was convicted of R.C. 2925.11(A), which provides:

No person shall knowingly obtain, possess, or use a controlled substance.

{¶ 5} Appellant was charged with a violation of R.C. 2925.11, possession of methylbenzoylecgonine, commonly known as crack cocaine, defined in R.C. 2925.01(GG) as a "compound, mixture, preparation, or substance that is or contains any amount of cocaine that is analytically identified as the base form of cocaine or that is in a form that resembles rocks or pebbles generally intended for individual use."

{¶ 6} When reviewing the sufficiency of the evidence, an appellate court examines the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

{¶ 7} With regard to appellant's first assignment of error, appellant presents two separate arguments. Appellant first asserts that the evidence was insufficient to demonstrate that he knowingly possessed a controlled substance in violation of R.C. 2925.11.

{¶ 8} In this case, two police officers testified that they stopped appellant for a routine traffic violation and discovered there was a warrant for his arrest. Appellant was the only one in the vehicle and his behavior indicated he was nervous. As he was removed from the vehicle, a baggie with a white, powdery substance was visibly tucked in the driver's seat, where appellant had been seated. A field test was conducted, which tested positive for cocaine, and the substance was submitted to the crime lab for testing. The crime-lab analyst testified that the recovered substance was cocaine.

{¶ 9} Appellant argues that he did not "knowingly" possess a controlled substance. R.C. 2901.22(B) defines "knowingly" as when a person "is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).

{¶ 10} Appellant contends that since he did not own the vehicle and there was no other drug paraphernalia found in the vehicle or on his person, he did not possess the substance. Possession may be actual or constructive. *State v. Jones,* 10th Dist. No. 07AP–977, 2008-Ohio-3765, 2008 WL 2896616. Actual possession means appellant had the items within his immediate, physical control. *State v. Hughes,* 10th Dist. No. 02AP–1208, 2003-Ohio-2317, 2003 WL 21027910, ¶ 22. Constructive possession is when " 'an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession.' " Id., quoting *State v. Burnett,* 10th District No. 02AP–863, 2003-Ohio-1787, 2003 WL 1818935, ¶ 19.

{¶ 11} The state may rely on circumstantial evidence to prove an essential element of the offense. *State v. Brown,* 10th Dist. No. 07AP–244, 2007-Ohio-6542, 2007 WL 4285137. Circumstantial evidence is " 'the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind.' " Id. at ¶ 19, quoting *State v. Golden,* 8th Dist. No. 88651, 2007-Ohio-3536, 2007 WL 2008883, ¶ 16.

{¶ 12} In this case, the substance was found directly beneath appellant on his seat and he was the only person in the vehicle. A rational trier of fact could have found that although appellant did not exercise actual control over the cocaine, he was able to exercise dominion or control over it. "The discovery of readily accessible drugs in close proximity to a person constitutes circumstantial evidence that the person was in constructive possession of the drugs." *State v.*

*Wyche,* 10th Dist. No. 05AP–649, 2006-Ohio-1531, 2006 WL 827787, ¶ 18, citing *Burnett.*

▪ {¶ 13} Appellant next asserts that the evidence was insufficient to prove the substance at issue was crack cocaine. As stated above, the indictment charged appellant with possession of crack cocaine, as defined in R.C. 2925.01(GG) as a "compound, mixture, preparation, or substance that is or contains any amount of cocaine that is analytically identified as the base form of cocaine or that is in a form that resembles rocks or pebbles generally intended for individual use." The legislature has defined crack cocaine and cocaine separately in the Revised Code. Cocaine is defined in R.C. 2925.01(X) as any of the following:

(1) A cocaine salt, isomer, or derivative, a salt of a cocaine isomer or derivative, or the base form of cocaine;

(2) Coca leaves or a salt, compound, derivative, or preparation of coca leaves, including ecgonine, a salt, isomer, or derivative of ecgonine, or a salt of an isomer or derivative of ecgonine;

(3) A salt, compound, derivative, or preparation of a substance identified in division (X)(1) or (2) of this section that is chemically equivalent to or identical with any of those substances, except that the substances shall not include decocainized coca leaves or extraction of coca leaves if the extractions do not contain cocaine or ecgonine.

{¶ 14} Thus, the definitions of both cocaine and crack cocaine include the base form of cocaine, but the definition of crack cocaine does not include a cocaine salt, isomer or derivative. Ohio courts have recognized that there is a distinction between cocaine and crack cocaine, and that there is a rational basis for the distinction made by the legislature. See *State v. Crisp,* 3d Dist. No. 1–05–45, 2006-Ohio-2509, 2006 WL 1381631; *State v. Wilkerson,* 2d Dist. No. 22693, 2008-Ohio-4750, 2008 WL 4278130.

{¶ 15} In this case, the arresting officers both testified that the baggie found during the search of the vehicle contained a white, powdery substance, which field-tested positive for cocaine. The police crime analyst testified that the substance tested was cocaine. A separate test for crack cocaine was not performed and the analyst testified that he could not say that the substance was crack cocaine, because he did not perform the test to determine if the substance was crack cocaine. Thus, the state failed to provide evidence that the substance was crack cocaine, as opposed to cocaine. Given that the state provided no evidence that the substance was crack cocaine as defined in R.C. 2925.01(GG), and the indictment specifically charged appellant with possession of crack co-

caine, we find that the evidence was insufficient to convict appellant of the crime for which he was indicted.

{¶ 16} A conviction based upon legally insufficient evidence amounts to a denial of due process. *State v. Sexton*, 10th Dist. No. 01AP–398, 2002-Ohio-3617, 2002 WL 1542676, citing *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541.

{¶ 17} In this case, there was no motion for an amendment of the indictment. However, appellant's counsel objected to the jury instructions because the instructions did not reflect the charge in the indictment. The indictment was for possession of crack cocaine and the initial jury instructions only instructed as to cocaine. After some discussion, the trial court inserted into the jury instructions "cocaine or crack cocaine." However, this insertion did not resolve the inconsistency between the evidence presented at trial and the indictment. Appellant's first assignment of error is well taken in part.

{¶ 18} Given our ruling on the first assignment of error, appellant's other assignments of error are rendered moot.

{¶ 19} For the foregoing reasons, appellant's first assignment of error is sustained in part and overruled in part, the second, third, and fourth assignments of error are rendered moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.

Judgment reversed
and cause remanded.

BRYANT and SADLER, JJ., concur.