[Cite as *State v. Seymour*, 2013-Ohio-1936.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

IRVING T. SEYMOUR

    Appellant

C.A. No.    12CA010250

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10CR080872

DECISION AND JOURNAL ENTRY

Dated: May 13, 2013

BELFANCE, Presiding Judge.

{¶1}    Defendant-Appellant Irving Seymour appeals from his convictions in the Lorain County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2}    In July 2010, based upon an incident that occurred on May 14, 2010, Mr. Seymour was indicted on one count of possession of drugs in violation of R.C. 2925.11(A). The indictment alleged that the drug involved was "cocaine or a compound, mixture, preparation, or substance containing cocaine that is crack cocaine and the amount of the drug involved equals or exceeds one gram but is less than five grams of crack cocaine[,]" thus, causing the offense to be a fourth-degree felony at the time it was committed. *See* former R.C. 2925.11(C)(4)(b). Additionally, Mr. Seymour was charged with one count of possessing drug paraphernalia in violation of R.C. 2925.14(C)(1).

{¶3}    In June 2012, the matter proceeded to a jury trial, after which the jury found Mr. Seymour guilty of both offenses.  Based upon changes in the applicable law, the trial court agreed with defense counsel and concluded that, while Mr. Seymour's violation of R.C. 2925.11(A) would still be classified as a fourth-degree felony, Mr. Seymour could only be sentenced to the penalties permitted for fifth-degree felonies.[1]  *See* 2011 Am.Sub.H.B. No. 86, 2011 Ohio Laws 29 (eliminating the sentencing differences between crack and powder cocaine and providing that an amount of cocaine less than five grams is a fifth-degree felony).  Mr. Seymour was sentenced to an aggregate term of 11 months in prison.  Mr. Seymour has appealed, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE GUILTY VERDICT FOR POSSESSION OF CRACK COCAINE IS AGAINST THE SUFFICIENCY OF THE EVIDENCE IN VIOLATION OF MR. SEYMOUR'S RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION.

{¶4}    Mr. Seymour asserts in his first assignment of error that the jury's finding of guilt as to the possession of drugs offense is based on insufficient evidence because the evidence did not establish beyond a reasonable doubt that the substance at issue was crack cocaine.  We disagree.

{¶5}    "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo."  *State v. Williams*, 9th Dist. No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

---

[1] Mr. Seymour has not challenged this determination on appeal, and, thus, this Court takes no position of the propriety of that conclusion.

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶6}** The jury found Mr. Seymour guilty of violating R.C. 2925.11(A) by possessing crack cocaine. When Mr. Seymour committed the offense, crack cocaine was defined as "a compound, mixture, preparation, or substance that is or contains any amount of cocaine that is analytically identified as the base form of cocaine or that is in a form that resembles rocks or pebbles generally intended for individual use." Former R.C. 2925.01(GG). In addition, cocaine was defined in part as "a cocaine salt, isomer, or derivative, a salt of a cocaine isomer or derivative, or the base form of cocaine." Former R.C. 2925.01(X)(1). Thus, it appears that the legislature intended that, while all crack cocaine would constitute cocaine, only some cocaine would also constitute crack cocaine. *See* former R.C. 2925.01(GG), (X).

**{¶7}** At the time he committed the offense R.C. 2925.11(A) provided that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Cocaine is a controlled substance. *See* former R.C. 2925.01(A); former R.C. 3719.01(C), (BB); former R.C. 3719.41(A)(4). R.C. 2901.22(B) provides that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2925.01(K) provides that "'[p]ossess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access

to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

{¶8} At the time Mr. Seymour committed the offense, the pertinent statute provided that, if the amount of the drug involved equaled or exceeded one gram but was less than five grams of crack cocaine, then the violation was a felony of the fourth degree. *See* former R.C. 2925.11(C)(4)(b).

{¶9} At trial, Officer Joseph Figula, a patrolman with the Elyria Police Department testified that on May 14, 2010, he was working the 6:00 p.m. to 6:30 a.m. shift. He was in the area of West and Broad Streets in Elyria when he observed a Mercury Grand Marquis that matched the description of a car involved in a home invasion earlier in the evening. Officer Figula began to follow the vehicle and saw it pull into a McDonald's. He then ran the car's license plates and discovered that the plates were expired. Officer Figula informed other nearby officers of what he had found and asked them to assist him in stopping the vehicle.

{¶10} After the vehicle left the McDonald's, the officers initiated a traffic stop. The two officers in the other police car, Officer Constantino and Officer Eichenlaub, approached the driver's side and Officer Figula approached the passenger side of the vehicle. Officer Figula was familiar with Mr. Seymour, who was identified as the front-seat passenger. Officer Figula testified that when he asked Mr. Seymour to exit the vehicle, Mr. Seymour appeared nervous and "was fumbling around with his hands, reaching around his pocket areas, his legs, [and] shifting about his weight * * *." As Mr. Seymour was exiting the vehicle, Officer Figula observed him "throw a clear plastic baggie containing a white object to the ground directly in front of him * * *." Mr. Seymour then "kick[ed] the baggie partially underneath the door that was opened to the passenger front." At that point, Officer Figula handcuffed Mr. Seymour.

{¶11} Officer Figula recovered the baggie. He testified that it contained "one larger, off white colored rock that [he] suspected as being crack cocaine [because] [i]t had the feel and consistency [and] similar appearance to crack cocaine, and based on [his] training and experience of dealing with * * * crack cocaine * * *." Officer Figula indicated that he estimated that over the course of his career he had arrested approximately 100 individuals for possessing crack cocaine.

{¶12} Officer Figula then field tested the substance and testified that it tested positive for the presence of cocaine. In addition, the rock was sent to a lab for analysis. The laboratory report, which was admitted into evidence without objection, stated that the sample, which weighed 1.89 grams, "revealed Levamisole and Cocaine Base, a schedule II controlled substance." Mr. Seymour has not challenged the validity or authenticity of the laboratory report.

{¶13} In light of the evidence presented at trial, we conclude that the State presented sufficient evidence, if believed, whereby a jury could conclude beyond a reasonable doubt that the substance Mr. Seymour threw to the ground was crack cocaine. At the time the offense was committed, R.C. 2925.01(GG) defined crack cocaine as a "substance that is or contains any amount of cocaine that is analytically identified as the base form of cocaine or that is in a form that resembles rocks or pebbles generally intended for individual use." In the instant matter, the laboratory report indicated that the substance contained "Cocaine Base" and, thus, constituted cocaine under the statutory definition. *See* former R.C. 2925.01(X)(1) (defining cocaine as the base form of cocaine). In addition, we note that there was testimony that the substance was in rock form and field-tested positive for the presence of cocaine. *See* former R.C. 2925.01(GG). Mr. Seymour does not assert that the above was insufficient to establish the substance as cocaine but instead maintains that it was insufficient to prove that the substance was crack cocaine. We

see no merit in his arguments. There was testimony that the substance was in rock form and that the substance contained cocaine in the base form, *see* former R.C. 2925.01(X)(1), thus, we can only conclude that the State presented sufficient evidence that the substance was crack cocaine. *See* former R.C. 2925.01(GG); *see also State v. Bielicki,* 11th Dist. No. 2011-T-0087, 2012-Ohio-2124, ¶ 45-53 (noting that under the statutory definition it only need be established that the substance contained cocaine and was in rock form); *State v. Buck,* 9th Dist. No. 22584, 2006-Ohio-2174, ¶ 19-20. Moreover, Mr. Seymour does not argue that there was insufficient evidence that the rock substance containing cocaine was generally intended for individual use. *See State v. Wilson*, 156 Ohio App.3d 1, 2004-Ohio-144, ¶ 26 (8th Dist.), quoting former R.C. 2925.01(GG) (noting that, when cocaine is in rock or pebble form, the State does not have to prove that the cocaine found in the sample is in the base form, only that the substance contains cocaine in a form that looks like "'individual use'" rocks or pebbles.).

{¶14} Despite Mr. Seymour's argument to the contrary, the facts of this case are unlike the facts of *State v. Banks,* 182 Ohio App.3d 276, 2009-Ohio-1892, (10th Dist.), in which the Tenth District concluded that the evidence was insufficient to establish the substance was crack cocaine. *See id.* at ¶ 15. In *Banks*, the substance at issue was described as a white, powdery substance that field-tested positive for cocaine. *Id.* Moreover, the crime lab analyst in *Banks* testified that the substance was cocaine and that he did not conduct a separate test to determine if the substance was crack cocaine. *Id.* Mr. Seymour seems to suggest that the reference to a separate test in *Banks* means that there must always be evidence that a separate test was conducted for the presence of crack cocaine and such must be indicated in the lab report. However, there is nothing in *Banks* that would suggest such would be true. *Banks* only states that the substance was identified as cocaine, *id.,* and, thus, *Banks* stands for the proposition that

that information alone is insufficient to establish the substance as crack cocaine. *See* former R.C. 2925.01(GG), (X). There is nothing in *Banks* to suggest that, if there had been evidence that the cocaine was in rock form or was analytically identified as the base form of cocaine, it would have been insufficient to establish that the substance was crack cocaine. *See id.* Accordingly, we conclude that *Banks* is distinguishable from the instant matter.

{¶15} After reviewing the record, we conclude that the State presented sufficient evidence, if believed, whereby a reasonable jury could conclude that the substance was crack cocaine and that Mr. Seymour committed a violation of R.C. 2925.11(A). Accordingly, Mr. Seymour's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE VERDICTS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF MR. SEYMOUR'S RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION.

{¶16} Mr. Seymour asserts in his second assignment of error that his convictions are against the manifest weight of the evidence. Mr. Seymour asserts that his conviction for possession of crack cocaine is against the manifest weight of the evidence because the evidence did not establish the substance was crack cocaine. Additionally, Mr. Seymour asserts that both of his convictions are against the manifest weight of the evidence because there was not credible evidence that Mr. Seymour knowingly possessed the crack cocaine and the baggie containing it that were the basis for the charges. We do not agree.

{¶17} In reviewing a challenge to the weight of the evidence, the appellate court

[m]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest

miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

**{¶18}** With respect to Mr. Seymour's assertion that the evidence did not establish that the substance at issue was crack cocaine, he makes no new or additional argument aside from that which was already addressed in our sufficiency analysis. Accordingly, we see no merit in this argument.

**{¶19}** Mr. Seymour also asserts that Officer Figula's testimony was not credible, and, thus, his convictions for possession of crack cocaine and drug paraphernalia are against the manifest weight of the evidence.

**{¶20}** This Court has previously recited the elements of possession of drugs. At the time Mr. Seymour committed the offense, R.C. 2925.14(C)(1) stated that "[n]o person shall knowingly use, or possess with purpose to use, drug paraphernalia." Pursuant to R.C. 2925.14(A), "'drug paraphernalia' means any equipment, product, or material of any kind that is used by the offender, intended by the offender for use, or designed for use, in * * * packaging, repackaging, storing, containing, [or] concealing * * * a controlled substance in violation of this chapter."

**{¶21}** Essentially, Mr. Seymour's argument is that there was not credible evidence that the crack cocaine and the baggie containing the crack cocaine, which constituted the basis for drug paraphernalia charge, belonged to him. Mr. Seymour asserts that because it was dark and there were multiple people in the car, Officer Figula could have been mistaken when he testified that he saw Mr. Seymour throw something on the ground. Moreover, Mr. Seymour points out that the police did not inspect the ground prior to the stop, and, thus, the item could have been on the ground already.

{¶22} We cannot say that the jury lost its way in making its credibility determinations. Officer Figula testified that he was familiar with Mr. Seymour, and, thus, it would be reasonable for a jury to conclude that Officer Figula would be less likely to be mistaken in identifying Mr. Seymour as the individual who threw the baggie. Moreover, Officer Figula specifically averred that, when he asked Mr. Seymour to step out of the car, Officer Figula saw Mr. Seymour throw a clear baggie containing a white object to the ground and kick it underneath the door. Officer Figula did not hesitate or equivocate in his testimony. Further, Officer Figula indicated that there were multiple street lights in the area as well as lights from businesses; he averred that he could see what happening and indicated that he was only a couple feet from Mr. Seymour at the time. In addition, Officer Figula testified that, while it had been raining earlier and the pavement was wet, the bag containing the crack cocaine was not, indicating that the bag ended up there after the rain had stopped. And while it is true that Officer Constantino testified that he did not see Mr. Seymour throw any items, that fact is not inconsistent with Officer Figula's version of events; Officer Figula testified that he approached the passenger side where Mr. Seymour was, while the other two officers dealt with the driver and the person in the backseat. Thus, a jury could reasonably conclude that both Officer Figula's and Officer Constantino's testimony were accurate. We note that Officer Constantino did indicate that he observed that Officer Figula was "having some kind of problem" with Mr. Seymour. Officer Constantino testified that heard Officer Figula ask Mr. Seymour what he was doing and then Officer Constantino saw Officer Figula put Mr. Seymour in handcuffs. The foregoing could reasonably be viewed by the jury as supporting Officer Figula's version of events. Accordingly, after a thorough review of the record, we cannot say that the jury was unreasonable in concluding that Mr. Seymour possessed

crack cocaine and the baggie containing it.  We overrule Mr. Seymour's second assignment of error.

## III.

{¶23}  In light of the foregoing, we overrule Mr. Seymour's assignments of error and affirm the judgment of the Lorain County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

PAUL A. GRIFFIN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.